IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| WALTER MITCHELL STEWART, JR, | CV 15-00052-BLG-SPW-CSO |
|---|---|
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| KLAUS P. RICHTER, | |
| Defendant. | |

Plaintiff Walter Stewart has filed Motion to Proceed in Forma Pauperis (*ECF 3*) and a proposed Complaint (*ECF 1*).

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Stewart has not submitted an account statement in support of his motion to proceed in forma pauperis but he is currently incarcerated at the Big Horn County Jail which does not have trust accounts for inmates. The account statement requirement will therefore be waived and the request to proceed in forma pauperis granted. 28 U.S.C. § 1915(a).

1

Pursuant to 28 U.S.C. § 1915(b)(1), Stewart is required to pay the statutory filing fee of $350.00 by making monthly payments of 20% of the preceding month's income credited to his prison trust account. Should Stewart be moved to a facility which maintains inmate accounts, a separate order will direct that facility to forward payments from Stewart's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF THE CASE

### A. Background

Stewart was convicted by jury of involuntary manslaughter in 2003. *U.S. v. Stewart*, Criminal Action No. 02-CR-102-BLG-SPW. He was found guilty of driving a vehicle that crashed, killing a passenger, Jarvis Door. Stewart's conduct was found to be grossly negligent because he was driving drunk; some time after the accident, his blood-alcohol concentration was 0.37. See *U.S. v. Stewart*, Criminal Action No. 02-CR-102-BLG-SPW, Resentencing Tr. (Doc. 132) at 41:24-42:8; Trial Tr. Vol. 2 (Doc. 77) at 359:5-20. Stewart served 72

months in prison and discharged his three-year term of supervised release on July 1, 2010. *U.S. v. Stewart*, Criminal Action No. 02-CR-102-BLG-SPW, Amended Judgment (Doc. 126) at 2-3; Report and Order (Doc. 161).

## B. Parties

Stewart is currently incarcerated at the Big Horn County Jail in Hardin, Montana. He is proceeding in forma pauperis and without counsel. The named Defendant is Klaus Richter, the Assistant United States Attorney who prosecuted Stewart in federal court in 2002 and 2003. In his statement of claims, Stewart lists five additional defendants who appear to be other passengers in the vehicle with Stewart. *Complaint (ECF 1) at 6.*

## C. Allegations

Stewart alleges violations of his rights under the Fifth and Sixth Amendments to the United States Constitution and under the Federal Torts Claims Act all related to his underlying federal conviction for involuntary manslaughter. *Complaint (ECF 1) at 6.* Because he is suing a federal officer, Stewart's claims will be analyzed under *Bivens v.*

*Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

### III. INITIAL SCREENING

Stewart is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pleaded in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to

4

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed as to do justice.").

### B. Analysis

#### 1. Statute of Limitations

Stewart's claims are barred by the applicable statute of limitations. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. The Ninth Circuit has held that a state's applicable tort statute of limitations applies in claims brought pursuant to *Bivens* as well. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). In Montana, the statute of limitations governing personal injury actions is three years after the action accrues. *Mont.*

*Code. Ann.* § 27-2-204(1).

Stewart is complaining about incidents which occurred in 2002-2003, twelve years prior to the filing of this action. Accordingly, this matter is barred by the applicable statute of limitations.

## 2. Heck Doctrine

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a section 1983 complaint must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 486–87. The *Heck* Court explained:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486–87 (footnote and citation omitted) (emphasis in

6

original). The *Heck* doctrine applies to *Bivens* actions. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (the *Heck* doctrine applies regardless of the type of relief sought if "success in [an] action would necessarily demonstrate the invalidity of confinement or its duration").

Stewart is attempting to challenge a twelve-year-old conviction which has not been overturned, expunged, or otherwise declared invalid. All claims regarding his 2003 conviction are barred by the *Heck* doctrine.

Based on the foregoing, the Court issues the following:

## ORDER

1. Stewart's Motion to Proceed in Forma Pauperis (*ECF 3*) is granted. The Clerk shall edit the text of the docket entry for the Complaint (*ECF 1*) to remove the word "LODGED." The Complaint is deemed filed on June 10, 2015.

2. At all times during the pendency of this action, Stewart must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of

Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Stewart's Complaint (*ECF 1*) should be dismissed with prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Stewart's Complaint is frivolous.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Stewart may file objections to these Findings and

Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 27th day of July, 2015.

                                         /s/ Carolyn S. Ostby
                                         United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.