UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WALTER MITCHELL STEWART, JR., <br><br> Plaintiff, <br><br> vs. <br><br> KLAUS P. RICHTER, <br><br> Defendant. | CV-15-52-BLG-SPW <br><br> OPINION AND ORDER |

**FILED**
AUG 0 8 2015
Clerk, U.S. District Court
District Of Montana
Billings

Plaintiff Walter Stewart was convicted by jury of involuntary manslaughter in 2003. He was sentenced to 72 months in prison and he discharged his supervised release on July 1, 2010. Stewart filed this action against the Assistant United States Attorney that prosecuted that case on June 10, 2015. In his Complaint, Stewart alleges that the former prosecutor violated the United States Constitution in a variety of manners at trial.

United States Magistrate Judge Carolyn Ostby entered Findings and Recommendations on July 27, 2015, in which she recommended that this Court dismiss Stewart's Complaint for two reasons. First, Judge Ostby concluded that the applicable three year statute of limitations had run. Second, Judge Ostby concluded that since Stewart's conviction has not been overturned or invalidated,

1

this action is barred by the *Heck* doctrine. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Stewart timely objected to both conclusions. Therefore, Stewart is entitled to a de novo review. 28 U.S.C. § 636(b)(1).

After de novo review, this Court finds that Judge Ostby did not err in her conclusions. Stewart's argument in relation to the statute of limitations is hard to discern. Stewart apparently is pointing to alleged constitutional violations that occurred at a probation revocation he faced in state court. Assuming those alleged violations were committed within the past three years, the named defendant cannot be held responsible for conduct that occurred in state court.

In regards to the *Heck* doctrine, Stewart argues that he "can demonstrate that the conviction or sentence has already been invalidated." (Doc. 5 at 4). This is not true. The Court has reviewed the docket. *See United States v. Stewart*, CR 02-102-BLG-SPW. On July 16, 2003, Stewart was convicted after a jury trial. *Id.* at Doc. 54. He received a 72 month sentence, which was affirmed by the Ninth Circuit. *Id.* at Docs. 126 and 139. This Court denied Stewart's attempt to vacate his judgment under 28 U.S.C. § 2255. *Id.* at Doc. 154. Stewart successfully completed supervised release on July 1, 2010. *Id.* at Doc. 161. At no point did this Court or the Ninth Circuit invalidate Stewart's conviction.

After de novo review, this Court finds that Judge Ostby did not err in her Findings and Recommendations. Accordingly, IT IS HEREBY ORDERED:

1. Judge Ostby's Findings and Recommendations (Doc. 4) are ADOPTED IN FULL.

2. Stewart's Complaint (Doc. 1) is DISMISSED with prejudice.

3. The Clerk of Court shall close this matter and enter judgment in favor of the Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

5. The Clerk of Court shall have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. 1915(g).

DATED this 7th day of August, 2015.

*Susan P. Watters*
Susan P. Watters
United States District Court